## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SABRINA ELROD, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC. <br><br> Defendant. | Case No. 4:19-cv-00874 |

## COMPLAINT

NOW COMES Plaintiff, SABRINA ELROD, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC. as follows:

## NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. SABRINA ELROD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 200 Black Bear Drive, McKinney, Texas 75071.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

1

8. DIVERSIFIED CONSULTANTS, INC. ("Defendant") is a corporation organized under the laws of Florida.

9. Defendant has a principal place of business at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff obtained wireless equipment and services through Sprint®.

13. On multiple occasions, items would show up on Plaintiff's bill that Plaintiff contended was not hers.

14. Each time, Plaintiff disputed these items.

15. Sprint® suspended Plaintiff's account.

16. Frustrated, Plaintiff terminated her account.

17. In February 2019, Plaintiff verified her account was current.

18. Plaintiff's wireless handset was unlocked and her number was transferred to another carrier.

19. Soon thereafter, however, Sprint® enlisted Defendant to collect an alleged balance.

20. Plaintiff's alleged balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Plaintiff's alleged balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

22. In May 2019, Plaintiff started to receive phone calls from Defendant.

23. On multiple occasions, Plaintiff answered and informed Defendant that she did not owe Sprint before asking that they stop calling.

24. On several occasions, Plaintiff sought to explain what transpired to no avail.

25. Instead, Plaintiff continued to receive phone calls from Defendant.

26. All in all, Plaintiff received no less than 40 additional unwanted phone calls from Defendant in spite of Plaintiff's multiple requests that they stop calling.

27. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

28. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

29. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692d**

31. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple request(s) that Defendant stop calling.

33. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2) 

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## Count II
## Violation(s) of Tex. Fin. Code Ann. § 392.302

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

37.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's multiple request(s) that Defendant stop calling.

38.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

5

(a) A person may sue for:

    (1) injunctive relief to prevent or restrain a violation of this chapter; and

    (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 25, 2019                                    Respectfully submitted,

**SABRINA ELROD**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com